**D-X SUNRAY OIL COMPANY, a corporation, Plaintiff,**

v.

**CITY OF STEVENS POINT, WISCONSIN, Defendant.**

**Civ. A. No. 2988.**

United States District Court
W. D. Wisconsin.

May 28, 1959.

J. P. Greve, Tulsa, Okl. and Charles H. Cashin, Stevens Point, Wis., for plaintiffs.

Norman L. Wanta, City Atty., Stevens Point, Wis., for defendant.

STONE, District Judge.

The above-entitled action having come on for trial at Wausau, Wisconsin, before the Court without a jury, on the 28th day of April, 1959, and the Court having heard and considered the evidence submitted on behalf of the parties, and having also considered the arguments and briefs of counsel, does now make and file the following findings of fact and conclusions of law:

### Findings of Fact

1. Plaintiff is, and has been at all times involved herein, a corporation organized and existing under and by virtue of the laws of the State of Delaware, and is, and has been at all such times, a citizen and resident of said State.

2. Defendant is, and has been at all times involved herein, a municipal corporation organized and existing under and pursuant to the laws of the State of Wisconsin, and is a citizen and resident of the Western District of the State of Wisconsin.

3. The amount in controversy herein exceeds, exclusive of interest and costs, the sum or value of $3,000.

4. Plaintiff is, and has been, since the 7th day of August, 1957, the owner in fee simple of the real estate and premises described in the complaint herein, located in the City of Stevens Point, having purchased the same for the purpose of constructing and operating an automobile or gasoline service or filling station thereon.

5. Under a certain zoning ordinance adopted by defendant, on or about the 17th day of December, 1956, prior to acquisition by plaintiff of the aforesaid real estate and premises, which ordinance defendant admitted on the trial hereof was duly and legally enacted, adopted, and published, the aforesaid real estate and premises was zoned for

commercial use. Under said ordinance said real estate and premises could lawfully be used for the construction, maintenance, and operation of an automobile or gasoline service or filling station.

6. Pursuant to, and in accordance with the terms and provisions of, the aforesaid zoning ordinance, plaintiff made application to the Building Inspector of defendant for land use permit and building permit for the construction, erection, and operation of an automobile or gasoline service or filling station upon the aforesaid real estate and premises. Said application, and the buildings and improvements plaintiff proposed to construct and erect upon said real estate and premises, were in accordance with, and complied with, said zoning ordinance and the building and construction codes and other ordinances of the City of Stevens Point.

7. On or about the 17th day of May, 1938, defendant enacted a certain ordinance, a copy of which is attached to the complaint herein, marked "Exhibit B," purporting to prohibit the construction and erection of a gasoline filling station for the sale of gasoline at retail in said city, except at sites or locations officially approved by its Common Council and unless a permit therefor had been issued by its Common Council.

8. The aforesaid Building Inspector refused to issue a land use permit and building permit to plaintiff for the construction and erection of an automobile or gasoline service or filling station upon the aforesaid real estate and premises solely for the reason that he was without authority so to do, because of the terms and provisions of the aforesaid filling station ordinance, enacted on the 17th day of May, 1938, unless and until the aforesaid real estate and premises had been approved as a proper site or location for an automobile or gasoline service or filling station by defendant's Common Council. Plaintiff thereupon made application to said Common Council for a permit for the construction and erection of an automobile or gasoline service or filling station upon said real estate and premises. Thereafter defendant's Common Council adopted and enacted a certain ordinance, a copy of which is attached to plaintiff's complaint herein, marked "Exhibit C," purporting to prohibit the construction or reconstruction of an automobile or gasoline service or filling station for the sale of gasoline at retail within the City of Stevens Point, except at sites or locations officially approved by the Common Council and until a permit therefor had been issued by its Common Council. Said ordinance, for the purposes of the case at bar, was identical to the aforesaid filling station ordinance adopted on the 17th day of May, 1938.

9. Purporting to act under and pursuant to the aforesaid ordinances enacted on the 17th day of May, 1938, and the 20th day of May, 1957, defendant's Common Council refused to approve the aforesaid real estate and premises as a proper site or location for an automobile or gasoline service or filling station and to issue a permit to plaintiff for the construction and erection thereof upon said real estate and premises or to authorize defendant's Building Inspector so to do.

10. Defendant's Common Council did not deny plaintiff's aforesaid application, or refuse to issue, or authorize the issuance of, a building permit, because the construction or operation of an automobile or gasoline service or filling station upon the aforesaid real estate and premises involved vehicles crossing sidewalks or because construction and operation thereof presented a traffic hazard.

11. Defendant does not have in effect any ordinance or ordinances comparable or similar to the above referred to ordinances enacted on the 17th day of May, 1938, or on the 20th day of May, 1957, respectively, applicable to or regulating establishments within defendant's corporate limits at which gasoline is sold at retail or wholesale, other than gasoline filling stations at which gasoline is sold at retail, or establishments within such corporate limits at which inflammable and explosive substances other

than gasoline is sold at wholesale or retail; and that said defendant does not have in effect any ordinance or ordinances comparable or similar to said ordinances, applicable to or regulating so-called drive-in business establishments within its corporate limits ingress and egress to and from which is gained by crossing sidewalks.

12. Neither of the aforesaid filling station ordinances enacted on the 17th day of May, 1938, and the 20th day of May, 1957, respectively, provided any rule, norm, or standard to govern, guide, or control the Common Council in granting or refusing to grant, a permit for, or in approving, or refusing to approve, real estate and premises located in the City of Stevens Point as a proper site or location for the construction and operation of an automobile or gasoline service or filling station.

13. Defendant is enforcing, and is threatening to, and will continue to attempt to, enforce the aforesaid ordinances enacted on the 17th day of May, 1938 and the 20th day of May, 1957, respectively, and plaintiff is being, and will continue to be, deprived of the beneficial use and enjoyment of its property under the purported authority of said ordinances, unless defendant is enjoined and restrained from enforcing, or attempting to enforce, the same.

14. The Court finds generally that all of the allegations of plaintiff's complaint are true.

### Conclusions of Law

1. The aforesaid ordinances, enacted by defendant on the 17th day of May, 1938 and the 20th day of May, 1957, respectively, and each of them, are violative of the provisions of Section 1 of the Fourteenth Amendment to the Constitution of the United States, preventing any State from making or enforcing any law which denies to any person within its jurisdiction the equal protection of the law, and the provisions of said section preventing any State from depriving any person of property without due process of law, because the same, and

each of them, fail to provide any rule, norm, or standard to govern, guide, or control the Common Council in granting or refusing to grant a permit for, or in approving or refusing to approve, real estate and premises located in the City of Stevens Point as a proper site or location for the construction and operation of an automobile or gasoline service or filling station.

2. The aforesaid ordinances, and each of them, are violative of the provisions of Section 1 of the Fourteenth Amendment to the Constitution of the United States preventing any State from making or enforcing any law which denies to any person within its jurisdiction the equal protection of the law, because said ordinances, and each of them, are discriminatory in that, under the terms and provisions thereof, the same are applicable only to gasoline filling stations constructed or reconstructed after the respective dates of the enactment of said ordinances.

3. The action of defendant's Common Council in denying plaintiff's aforesaid application was in violation of plaintiff's constitutional rights as a property owner.

4. Defendant, and its officers, agents, servants, and employees, and all persons acting in concert with them, or any of them, should be enjoined and restrained from enforcing or attempting to enforce, the aforesaid gasoline filling station ordinances enacted on the 17th day of May, 1938, and the 20th day of May, 1957, respectively; and plaintiff is entitled to appropriate permits under the aforesaid zoning ordinance and the building and construction codes and other ordinances of defendant to construct and operate an automobile or gasoline service or filling station upon the real estate and premises involved herein in accordance with the plans and specifications heretofore submitted to defendant's Building Inspector.

It is ordered that judgment be entered in favor of the plaintiff, and against defendant, with costs.